```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| QT TRADING, L.P., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-2434 |
| § | |
| M/V GLOBAL VANGUARD, § | |
| her engines, tackle, boilers, § | |
| etc., *in rem*, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are: 1) *In Personam* Defendants Global Symphony, SA, ("Global Symphony") and NYK Global Bulk Corp.'s ("NYK Global") Joint Motion to Dismiss Complaint or, Alternatively, Global Symphony, NYK Global, Global Symphony *in rem* as Vessel Claimant ("Vessel"), and Defendant Western Bulk Carriers AS's ("WBC")[2] Motion for Stay Pending Arbitration (Docs. 33, 37); 2) Plaintiff QT Trading, L.P.'s ("QT Trading" or "Plaintiff") Motion for Partial Summary Judgment on *In Rem* Liability (Doc. 34); and 3) Plaintiff's Opposed Motion to Sever the Balance of the Case if the Stay is Granted (Doc. 39).[3]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 41.

[2] WBC joined Global Symphony, NYK Global, & Vessel's Motion to Stay Pending Arbitration. See Doc. 37, WBC's Joinder to Mot. to Stay Pending Arb.

[3] Also pending is Defendant Richardson Stevedoring & Logistics Services, Inc.'s ("Richardson") Motion for Summary Judgment and Motion for Recovery of Attorney's Fees and Expenses Under Federal Rule of Civil Procedure 11 (Doc. 32). The court will address that motion at a later date.

The court has considered the motions, the responses and replies, the oral arguments, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion to sever be **GRANTED** and the remaining motions be **DENIED AS MOOT**.

QT Trading filed this admiralty cargo claim on August 20, 2013, against M/V GLOBAL VANGUARD *in rem*, Global Symphony, NYK Global, WBC, Richardson Stevedoring & Logistics Services, Inc., ("Richardson"), MK Shipmanagement Co., Ltd., ("MKSCL"), Western Bulk Carriers KS ("WBCKS"), and Western Bulk Carriers GmbH ("WBCG").[4] QT Trading was the consignee and owner of a shipment of steel pipes that sailed from the port of Iskenderun, Turkey, on August 26, 2012, onboard the M/V GLOBAL VANGUARD.[5] Per the allegations, Global Symphony, NYK Global, WBC, MKSCL, WBCKS, and WBCG "were, and now are, engaged in business as common carriers of merchandise by water for hire[] and owned, operated, managed, chartered and controlled" the M/V GLOBAL VANGUARD.[6]

When the M/V GLOBAL VANGUARD arrived at the Port of Houston in October 2012, "the cargo was found short delivered, contaminated by seawater or other aggressive chemical substance, and/or physically

---

[4]   Doc. 1, Compl. p. 1

[5]   Id. p. 2 & Sched. A, Description of Shipment.

[6]   Id. p. 2.

damaged."[7] According to the complaint, Richardson, "by its negligent handling, sorting, identifying, discharging and transportation of the cargo at the Port of Houston," caused or contributed to the damage and short delivery of the shipment.[8]

Although the court issued summonses to all named defendants, the docket contains returns of service for only Global Symphony, NYK Global, WBC, and Richardson.[9] All four of those parties filed answers to Plaintiff's original complaint.[10] In January 2014, Plaintiff filed a motion to amend the complaint in order to correct Richardson's name, and the court granted the motion.[11] Global Symphony, NYK Global, Richardson, and Vessel filed answers to the amended complaint, and Global Symphony filed a claim of owner on behalf of the M/V GLOBAL VANGUARD.[12] In their original and amended answers, Global Symphony and NYK Global each raised insufficiency of service of process as a defense and reserved the right to assert any applicable arbitration clause.[13]

---

[7] Id. pp. 2-3.

[8] Id. p. 3.

[9] See Docket Entry Dated Aug. 20, 2013, Notation of the Issuance of Summonses; Docs. 4, 7, 18, 20, Returns of Svc.

[10] See Docs. 8, 10, 12, 13, Answers to Compl.

[11] See Doc. 24, Unopposed Mot. to Am. Compl.; Doc. 26, Order Dated Jan. 15, 2014.

[12] See Docs. 27, 28, 30, 31, Answers to 1st Am. Compl.; Doc. 29, Claim of Owner.

[13] See Docs. 10, 13, Answers to Compl.; Docs. 27, 28, Answers to 1st Am. Compl.

In March 2014, the parties filed numerous dispositive and nondispositive motions.[14] The court set a hearing on one of the nondispositive motions: Global Symphony and NYK Global's Emergency Motion for Protection and Vessel's Emergency Motion to Continue or Stay Plaintiff's Motion for Summary Judgment Pending the Court's Decision on Global Symphony, NYK Global, and Vessel's Pending Motion.[15] On April 14, 2014, the court held the hearing and entertained arguments on several of the pending motions.[16]

The critical issue at this juncture of the case is whether Plaintiff's claims against Global Symphony, NYK Global, Vessel, and WBC (collectively "Defendant Movants") should proceed here or in arbitration. Defendant Movants seek a stay of the case pending resolution of the claims in arbitration.[17] Plaintiff opposes a stay in favor of arbitration, arguing that Global Symphony, NYK Global, and Vessel's discovery conduct provides sufficient reason to allow

---

[14] See Doc. 32, Richardson's Mot. for Summ. J. & Mot. for Recovery of Att'y's Fees & Expenses Under Fed. Rule of Civ. P. 11; Doc. 33, Global Symphony & NYK Global's Jt. Mot. to Dismiss Compl. or, Alternatively, Global Symphony, NYK Global, & Vessel's Mot. for a Stay Pending Arb.; Doc. 34, Pl.'s Mot. for Partial Summ. J. on *In Rem* Liability; Doc. 35, Global Symphony & NYK Global's Emergency Mot. for Protection & Vessel's Emergency Mot. to Continue or Stay Pl.'s Mot. for Summ. J. Pending the Ct.'s Decision on Global Symphony, NYK Global, & Vessel's Pending Mot.; Doc. 37, WBC's Joinder to Mot. to Stay Pending Arb.; Doc. 39, Pl.'s Opposed Mot. to Sever the Balance of the Case if Stay is Granted.

[15] See Doc. 45, Notice of Setting Dated Apr. 2, 2014.

[16] See Doc. 57, Min. Entry Dated Apr. 14, 2014; Audio Recording of Hr'g Dated Apr. 14, 2014.

[17] The reasoning behind seeking a stay rather than a dismissal, as explained by Defendant Movants, was that the claims against Richardson did not appear to be subject to arbitration. See Doc. 33, Global Symphony & NYK Global's Jt. Mot. to Dismiss Compl. or, Alternatively, Global Symphony, NYK Global, & Vessel's Mot. for a Stay Pending Arb. p. 12 n.22.

4

litigation of Plaintiff's claims in this forum. In the event the court finds arbitration appropriate, Plaintiff asks that the court sever the claims against the arbitrating parties from the remainder of the case.

Plaintiff agrees that the bills of lading refer to a charter party dated August 6, 2012, ("August 6 Charter Party").[18] Defendant Movants failed to produce that particular charter party as part of the ongoing discovery process, instead producing an identical charter party dated August 8, 2012, and another charter party dated August 10, 2012.[19] Yet, the August 6 Charter Party serves as the basis for their motion to stay.[20]

Plaintiff argues that only the two charter parties that were produced in discovery can be relied upon by Defendant Movants as applicable.[21] As a result, Plaintiff argues, the August 6 Charter Party that Defendant Movants attached to their motion "should be treated as a fourth [sic] charter party, in direct conflict with the same-text charter party (dated August 8, 2012)," creating a

---

[18] Doc. 38, Pl.'s Resp. to Global Symphony & NYK Global's Jt. Mot. to Dismiss Compl. or, Alternatively, Global Symphony, NYK Global, & Vessel's Mot. for a Stay Pending Arb. p. 7.

[19] See id.

[20] See Doc. 33, Global Symphony & NYK Global's Jt. Mot. to Dismiss Compl. or, Alternatively, Global Symphony, NYK Global, & Vessel's Mot. for a Stay Pending Arb. p. 14; Doc. 33-3, Ex. A-2 to Global Symphony & NYK Global's Jt. Mot. to Dismiss Compl. or, Alternatively, Global Symphony, NYK Global, & Vessel's Mot. for a Stay Pending Arb., Aug. 6 Charter Party.

[21] Doc. 38, Pl.'s Resp. to Global Symphony & NYK Global's Jt. Mot. to Dismiss Compl. or, Alternatively, Global Symphony, NYK Global, & Vessel's Mot. for a Stay Pending Arb. pp. 7-8.

question of fact as to which is correct.[22] Plaintiff further contends:

> Prior to the surprise document first supplied with a motion on the last day of [m]otion practice, and not with discovery, Global [Symphony and NYK Global] appeared not to qualify for a stay pending arbitration. On the contrary, if Global [Symphony and NYK Global's] entire argument was based on the charter party dated August 8, 2012, which was supplied with its Disclosures on February 5, 2012 (and thus certified to be the applicable charter party to the case at bar)[,] the reference on the bill of lading (to a document dated August 6, 2012) would necessarily fail, as a charter party improperly referenced.[23]

Plaintiff advocates for the imposition of a discovery sanction prohibiting Defendant Movants from relying on the August 6 Charter Party.[24] Plaintiff also claims that Defendant Movants acted with unclean hands by "'Laying behind the log' regarding discovery[] and supplying false and misleading documents which lead [sic] Plaintiff[] to a perhaps improper view of the case."[25]

As is apparent from the above arguments, Plaintiff's opposition to the stay is based solely on Defendant Movants' failure timely to produce the incorporated August 6 Charter Party.[26] Counsel for Global Symphony, NYK Global, and Vessel explained, in

---

[22] Id. p. 8.

[23] Id. p. 10.

[24] See id. p. 11.

[25] Id. p. 12.

[26] Plaintiff agrees that, "if a charter party is properly incorporated in a covering bill of lading, the current state of affairs in U.S. Admiralty law provides for a stay pending arbitration . . ., even if the party (against whom that provision is enforced) is not a party to that agreement." Id.

6

the reply brief, that Global Symphony and NYK Global produced what they had at the time of the initial disclosures and that an investigation was undertaken to locate the August 6 Charter Party.[27] Counsel stated that he received a copy of the August 6 Charter Party and, just days before the dispositive motion deadline, confirmed that it was the correct charter party.[28] In his rush to file the motion timely, counsel admitted, he neglected to supplement disclosures.[29]

At the hearing, Plaintiff represented that, in August 2013, it noticed arbitration in London against all parties except Richardson.[30] Plaintiff confirmed that Global Symphony, NYK Global, Vessel, and WBC are all present in the pending London arbitration proceeding.[31] Even so, Plaintiff reiterated its complaints about Global Symphony, NYK Global, and Vessel's "delaying tactic" with regard to producing the August 6 Charter Party, which Plaintiff interpreted as Defendant Movants' selection of this forum over

---

[27] Doc. 48, Global Symphony, NYK Global, & Vessel's Reply to Pl.'s Resp. pp. 8-9.

[28] Id. p. 10.

[29] Id.

[30] See Audio Recording of Hr'g Dated Apr. 14, 2014.

[31] See id.

arbitration.[32] Plaintiff noted that a right to arbitration could be waived.[33]

The court appreciates Plaintiff's frustration, but finds no basis for attributing any mischief to the late production of the August 6 Charter Party. The court's scheduling order set a very early dispositive motion deadline—only three months from the entry of the scheduling order. Counsel for Global Symphony, NYK Global, and Vessel offered a reasonable explanation for the failure to produce the August 6 Charter Party prior to filing motion to stay pending arbitration. The court finds no evidence of discovery abuse.

Moreover, the prejudice Plaintiff claims suffering is hard to identify. By its own admission, Plaintiff filed an arbitration claim prior to filing this lawsuit, and all relevant parties are present and willing to participate in the arbitration proceeding. Other than its stated belief that Defendant Movants were keen on litigating in federal court rather than in an arbitration proceeding, Plaintiff has pointed to no effects from the delay in producing the August 6 Charter Party, prejudicial or otherwise.[34]

---

[32] See id.

[33] See id.

[34] Although not a argument raised in Plaintiff's brief, waiver was mentioned in the hearing. See id. Waiver of the right to arbitration occurs when a party seeking arbitration invokes the judicial process to such a substantial degree that compelling arbitration would work to the detriment or prejudice of the other party. Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004)(quoting Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999)). The presumption in these cases favors

8

Accordingly, the court finds that Plaintiff must arbitrate its claims against Global Symphony, NYK Global, Vessel, and WBC. Rather than grant Defendant Movants' motion to stay the case pending arbitration, the court should grant Plaintiff's request to sever the arbitrable claims from the balance of the case, thus eliminating the need for a stay. Plaintiff's motion for partial summary judgment should be addressed in arbitration as it relates to the merits of Plaintiff's dispute with two of the arbitrating parties. Finally, Global Symphony and NYK Global's motion to dismiss based on the insufficiency of service of process is moot, as those parties have appeared in the arbitration proceeding where the claims against them will be resolved.

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's motion to sever be **GRANTED** and the remaining motions be **DENIED AS MOOT**. Plaintiff's claims against Global Symphony, NYK Global, Vessel, and WBC should be litigated in the arbitration proceeding now pending in London. Plaintiff's claims against Richardson

---

arbitration, placing a heavy burden on the party that argues for waiver of a right to arbitrate. Republic Ins. Co. 383 F.3d at 344, 346-47. The analysis involves two determinations: whether the party seeking arbitration invoked the judicial process and whether the other party suffered prejudice. See id. at 346.
 Finding that Defendant Movants had waived their right to arbitrate would be at odds with their participation in the London arbitration. In their answers, Global Symphony and NYK Global alluded to a right to arbitration. Defendant Movants minimally participated in the litigation from that point until they filed the pending motion to dismiss or to stay the case pending arbitration. The court gleans from the briefs that they had produced initial disclosures but had not responded to other discovery requests at the time this motion was filed. The court finds Defendant Movants' activity in this case to be insufficient to invoke the judicial process. As to prejudice, Plaintiff has not shown that it suffered any.

remain pending before this court. The other named defendants (MKSCL, WBCKS, and WBCG) have not been served and are not parties to this case.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 18th day of April, 2014.

Nancy K. Johnson
United States Magistrate Judge